Case 4:24-cr-00565   Document 61   Filed on 05/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas

**ENTERED**
May 05, 2025
Nathan Ochsner, Clerk

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:24-cr-565 |
| ) | |
| Lyndell Leroy Price ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On May 1, 2025, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f).  Assistant United States Attorneys Sebastian Edwards and Carrie Fuller appeared on behalf of the United States (the "Government"); CJA Attorney Chuck Egbonue appeared on behalf of Defendant. Attorney Darryl Austin was also present on behalf of Defendant.

EVIDENCE PRESENTED

The Government's Evidence Shows Defendant Is A Danger To The Community

The Grand Jury in the Southern District of Texas, Houston Division, indicted the Defendant for conspiracy to commit arson, arson, and conspiracy to use an interstate facility to commit arson in violation of 18 U.S.C. §§ 844 (n) and (i), 2, 371, and 1952(a)(3). The Government offered testimony from a Special Agent ("Agent") with the Federal Bureau of Investigation ("FBI"). The Court found her testimony to be credible.

Based on the allegations in the indictment, the evidence presented at the hearing, and the information in the Pretrial Services reports, the Court concludes as follows:

(1)   The indictment and the overwhelming evidence presented establishes that the Defendant committed the offenses with which he is charged.

(2)   The Government established by a preponderance of the evidence that the Defendant is a flight risk because he has a lot of assets and money and the ability to flee. However, the PTS report provides information that Defendant has significant financial and family ties to Houston. He owns a restaurant business, owns property, and has no history of flight, failure to appear, or evading arrest from his prior criminal history. Thus, the Court finds he is not a flight risk.

(3)   However, the Government established by clear and convincing evidence that the Defendant is dangerous because he was involved in setting a fire that destroyed a building which was the site of a new restaurant owned by Defendant's business partner. The fire appears to have been as revenge for his business partner's refusal to allow him to participate in this new venture. Defendant threaten his partner on the phone that he would blow up the restaurant. Two days later, the restaurant was set on fire. His criminal history includes a felony conviction for arson. In this case, Defendant hired an associate to put a crew together to commit the arson, now a co-defendant in this case. The associate made a statement implicating Defendant. Other evidence corroborated the statement regarding this arson and the theft of a car and torching of it. Phone records between Defendant and his associate further corroborate the associate's statement given the timing of calls and the acts of arson in question. Furthermore, weapons were recovered from Defendant's residence. As a convicted felon, he is prohibited from possessing weapons, which included 2 shotguns, 3 rifles, 1 pistol, ammunition, extended magazines for the weapons, and a flame thrower which can eject flames up to 25 feet. The crimes under indictment were committed while Defendant was on supervised release after his release from prison on federal income tax fraud charges. Violations of the conditions of his supervised release demonstrate that he will not follow conditions of release on bond. He has also violated probation in the past, again showing that he will not follow conditions of release.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

(4)   Although the record contains evidence that Defendant is not a flight risk, the Court finds that Defendant has not rebutted the presumption that he is a danger to the community. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut this presumption, a defendant can show that something about his individual circumstances suggests that "what is true in general is not true in the particular case," including evidence of his marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)). The presumption reflects Congressional intent that particular classes of offenders should ordinarily be detained prior to trial. United States v. Stone, 608 F. 3d 939, n. 6 (6th Cir. 2010); United States v. Hare, 872 F.2d 796, 798-99 (5th Cir. 1989). Even without any presumption, the Government has persuaded the Court that detention is warranted because Defendant is a danger to the community.

(5)   Thus, the Court finds that there are no conditions or combination of conditions that will reasonably assure safety to the community such that it cannot safely release him on bond.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:         05/02/2025                                                  *Dena Palermo*
                                                                      United States Magistrate Judge