IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                                                                      4:24-CR-565-1

LYNDELL LEROY PRICE

### DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR IN THE ALTERNATIVE SUPPRESS EVIDENCE

The Defendant, Lyndell Price, respectfully files this Motion to Dismiss the Indictment with prejudice or, in the alternative, Suppress Evidence and moves this Court to dismiss this indictment as the Government used information obtained from the violation of Defendant's right to counsel and in violation of Defendant's Fifth and Sixth Amendment Rights and shows the Court as follows:

#### I.    LEGAL STANDARD

A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Fed. R. Crim. P. 12. The Court pursuant to its supervisory powers, may dismiss an indictment. See United States v. Zarate, 181 F. App'x 394, 395 (5th Cir. 2006) (noting the "supervisory authority of the district court to dismiss an indictment" in order to "1) implement a remedy for a violation of a recognized right, 2) preserve judicial integrity by insuring that the conviction rests on appropriate consideration validly before the

jury, and 3) as a remedy designed to deter illegal conduct" (quoting United States v. Ornelas-Rodriguez, 12 F.3d 1339, 1349 (5th Cir. 1994)).

A fair trial in a fair tribunal is a basic requirement of due process that is guaranteed by the Fifth Amendment to the Constitution. Neb. Press Ass'n v. Stuart, 427 U.S. 539, 551, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. As such, "the right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." United States v. Cronic, 466 U.S. 656 (1984). (The Sixth Amendment right to counsel is "so fundamental and essential to a fair trial, and so, to due process of law, that it is made obligatory upon the States by the Fourteenth Amendment."). Mr. Price's right to counsel is grounded in both the Sixth Amendment and the Due Process Clause's guarantee of the right to a fair trial. Id. See also, Gideon v. Wainwright, 372 U.S. 335, 340 (1963).

In Strickland v. Washington, 466 U.S. 668, 692 (1984) the Court determined that violations of the Sixth Amendment and related fair trial and due process violations fall into three categories depending on the severity of the deprivation: First, whether the defendant is entitled to a full presumption of prejudice, second, a limited presumption of prejudice or third, whether prejudice must be shown by the

defendant in order to succeed on a claim.

Under the first prong cases that have actual or constructive denials of the assistance of counsel altogether is legally presumed result in prejudice. But so are various kinds of state interference with counsel's assistance. Id. at 692. Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." Id. "Moreover, such circumstances involve impairments of the Sixth Amendment right are easy to identify and, for that reason and because the prosecution is directly responsible, easy for the government to prevent." Cronic, 466 U.S. at 658. "If the state is not a passive spectator of an inept defense, but a cause of the inept defense, the burden of showing prejudice is lifted. It is not the right that the state should be able to say, 'sure we impeded your defense—now prove it made a difference. Walberg v. Israel, 766 F.2d 1071, 1076 (7th Cir. 1985).

The second category of violation which allows a limited presumption of prejudice under an ineffective-assistance-of-counsel theory. The rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims. Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." Strickland at 692. Further, an actual conflict is shown, for example, where jointly represented codefendants are tried together and the factual

3

circumstances require counsel to offer evidence which assists one codefendant but adversely affects others.

The third and final category of violation contemplates where there is not a conflict of interest or a presumption of prejudice, requiring the defendant to affirmatively prove prejudice in the deficiency of the attorney's performance. Strickland at 693. Claims of this type require a defendant to show 1) that his attorney's performance fell below an "objective standard of reasonableness," and 2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## II.   FACTUAL BACKGROUND

Lyndell Price ("Mr. Price" or "Defendant") has a long-established attorney client relationship with Letitia D. Quinones-Hollins, Esq. ("Attorney Quinones-Hollins"). Said relationship predates her current conflicted attorney-client relationship with Mr. Price's co-defendant, John Lee Price. Likewise, Mr. Price enjoys the same attorney-client relationship with John Lee Price's other attorney, Carl A. Moore (co-counsel) ("Attorney Moore").

As recent as August 2020, Mr. Price was represented by Attorney Quinones-Hollins in United States v. Lyndell Leroy Price, et al, 4:14-cr-578, in the Southern

District of Texas – Houston Division. Attorney Quinones-Hollins along with Attorney Robert A. Jones represented Mr. Price in his prosecution. Attorney Jones filed a motion on behalf of Mr. Price requesting early termination of his period of supervised release on March 26, 2020. See Dkt. 152, 4:14-cr-578. Said motion was Granted nearly five months later, on or about August 13, 2020. See Dkt. 155, 4:14-cr-578.

The present indictment alleges crimes that took place during Attorney Quinones-Hollins' representation of Mr. Price, these alleged acts took place from approximately April 2020 through June 2020. It is well established that the attorney-client relationship continues not just through representation of a particular matter, but also after the conclusion of the matter. However, Mr. Price likewise continued an attorney-client relationship after Attorney Quinones-Hollins represented him in Federal Court, on subsequent legal matters.

Indeed, the Federal Bureau of Investigation ("FBI") reached out to Mr. Price directly during its pre-indictment investigation into the present matter, and Attorney Quinones-Hollins contacted the FBI on his behalf. Information corroborating this encounter was elicited by the Government witness in Mr. Price's Detention hearing held on May 1, 2025 in front of Magistrate Judge Dena Hanovice Palermo. Although a date was not elicited, it is believed to have occurred sometime in 2022 or early 2023.

Co-Defendant John Lee Price was arrested on or about November 21, 2023 on an unrelated federal drug case out of the Southern District of Mississippi (United States v. Price, 1:23-cr-0155) which was later transferred to the Southern District of Texas – Houston Division pursuant to Federal Rules of Criminal Procedure 20. Attorney Quinones-Hollins was retained by co-defendant John Lee Price at the beginning of the Mississippi case and has represented him throughout his criminal proceedings.

Ultimately, John Lee Price aided by his attorney agreed to plead guilty to Count 3 of the Superseding Indictment. See Dkt. 1, United States v. John Lee Price, 4:24-cr-0637. It is believed during that time period John Lee Price indicated a desire to cooperate with the Federal Government. Attorney Quinones-Hollins represented John Lee Price on the Rule 20 transfer with the knowledge of John Lee Price's desire to cooperate against Mr. Price.[1] Subsequently, John Lee Price plead guilty upon a plea agreement to 18 U.S.C. § 1952(a)(3), interstate travel in aid of unlawful activity, which carries a potential sentence up to five years, **without** a cooperation agreement listed in the plea agreement, but an indication that "[John Lee Price] must [not] knowingly withhold evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution." See Dkt. 16, 4:24-cr-0637. Again,

---

[1] Attorney Quinones-Hollins signed the Rule 20 transfer as counsel for Defendant John Lee Price.

6

Attorney Quinones-Hollins signed the plea agreement paperwork, just like the Rule 20 paperwork, and assisted John Lee Price during his guilty plea.

Conspicuously within the plea agreement were references to written proffer agreements. That reference within the plea agreement indicates that at some time prior to the plea agreement's execution, the U.S. Attorney's Office for the Southern District of Texas – Houston Division met with John Lee Price and either Attorney Quinones-Hollins and/or Attorney Moore to discuss information relative to cooperation against Mr. Price.

As mentioned *supra*, a Detention hearing was held to determine Mr. Price's suitability for release. During the detention hearing the Government elicited that John Lee Price directly stated that he was employed by Mr. Price to burn Bar 5015. That information came as a result of multiple proffer sessions, to which the Agent also testified that Assistant United States Attorney Sebastian Edwards went to visit John Lee Price in Mississippi for the first proffer session. It is unclear whether Attorney Quinones-Hollins was present at that initial meeting, but certainly AUSA Edwards would not have met with John Lee Price without his attorney's presence. But certainly, subsequent meetings were facilitated via Attorney Quinones-Hollins or members of her office which had to indicate the purpose of proffering information in relation to the Bar 5015 investigation. An investigation she was well aware of due to contacting the FBI on behalf of Mr. Price, herself.

Importantly, Mr. Price was prosecuted by the U.S. Attorney's Office – Houston Division. The Government was aware of who Mr. Price's attorney was at the time the investigation into the underlying indictment. Both the Government and Attorney Quinones-Hollins failed to protect the rights associated with Mr. Price upon learning of a potential co-defendant's willingness to cooperate. At minimum, the Government should have inquired into the apparent conflict of interest, but did not. Likewise, Attorney Quinones-Hollins failed to protect Mr. Price's rights when she was made aware by John Lee Price of his desire to cooperate against Mr. Price and contacted the Government to facilitate a proffer session implicating Mr. Price.

To underscore the procedural posture of this case, see in pertinent part Attorney Quinones-Hollins' joint filing with the Government to amend bond conditions on behalf of John Lee Price, prior to the superseding indictment, Dkt. 23, 4:24-cr-565:

*Mr. Price was charged on November 21, 2023 with Possession with the Intent to Distribute a Controlled Substance (Aiding and Abetting), and Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises. On November 29, 2023, Mr. [John Lee] Price was ordered to be detained by the Magistrate Judge Robert P. Myers, Jr. Immediately after the Defendant's arrest and detention, Mr. [John Lee] Price agreed to substantially assist the government with their investigation of an arson that remained unsolved in the Southern District of Texas – Houston Division. As a result of Mr. [John Lee] Price's cooperation formal charges in the arson case were filed under seal in the Southern District of Texas in Case. No. 4:24-cr-0565.*

Mr. Price's rights have been violated due to the assistance of Attorney Quinones-Hollins' efforts in aiding the cooperation of John Lee Price against Mr. Price. Likewise, the U.S. Attorney's Office of the Southern District of Texas – Houston Division has exploited the attorney client relationship between Attorney Quinones-Hollins and Mr. Price, to his detriment. The Government knew that Mr. Price was represented by Attorney Quinones-Hollins and took steps to avoid their obligations to Mr. Price.

## ARGUMENT

**A. Lyndell Price's Sixth Amendment and Right to Fair Trial have been violated.**

Lyndell Price received ineffective assistance of counsel violating his right to a fair trial and Sixth Amendment Rights, because Mr. Price's attorney operated under an actual conflict of interest. United States v. Alvarez, 580 F.2d 1251, 1260 (5th Cir. 1978). An "actual conflict" for Sixth Amendment purposes is a conflict of interest that adversely affects counsel's performance. United States v. Infante, 404 F.3d 376, 392 (5th Cir. 2005 (quoting Mickens v. Taylor, 535 U.S. 162, 172 n. 5, (2002) "an adverse effect on counsel's performance may be shown with evidence that counsel's judgment was actually fettered by concern over the effect of certain trial decisions on other clients.").

Attorney Quinones-Hollins subsequent representation of John Lee Price adversely affected Mr. Price by her clear and direct decision to aid John Lee

Price's desire to prosecute Mr. Price and sacrificially offer him in exchange for favor with the Government. Due to Attorney Quinones-Hollins representation of John Lee Price during a time when she owed a duty to Mr. Price through that prior attorney-client relationship, information was directly exchanged to Mr. Price's detriment that Attorney Quinones-Hollins had a direct part in providing the pertinent information that resulted in the current indictment and charges against Mr. Price.

Attorney Quinones-Hollins was representing Mr. Price during the relevant time period, in another federal case. Attorney Quinones-Hollins also represented Mr. Price subsequently to the federal indictment to which no argument can be credibly stated that there was not representation. Further, Mr. Price enjoys the protections of the attorney-client relationship beyond the scope of the attorney's representation on a specific matter. However, the scope continued because Attorney Quinones-Hollins contacted the FBI in 2022 or early 2023 on Mr. Price's behalf. Said contact was into the very investigation she later assisted John Lee Price in aiding the Government to indicting multiple people, including Mr. Price. Attorney Quinones-Hollins's direct representation of both Mr. Price and John Lee Price led to Mr. Price currently being detained and charged in the present matter.

### B. Under <u>Strickland</u>, Lyndell Price's Sixth Amendment and Right to Fair Trial have likewise been violated

*1. Presumed Prejudice*

Under the first prong in <u>Strickland</u>, the Government and Attorney Quinones-Hollins' actions amounted to presumed violations of Mr. Price's Sixth Amendment and fair trial rights. Attorney Quinones-Hollins representation of two clients with opposing interests simultaneously, with one defendant acting as a prosecution witness against the other in the same case is clearly understood to be prejudicial. See <u>Cronic</u>, at 659 (Courts have categorically prohibited attorneys from switching sides in the same case because it "defeat[s] the very purpose for which … [c]ourt[s] [are] organized, namely, the administration of [an adversarial system of] justice. Likewise, when a client's opponent "prevail[s] against him with the aid of an attorney who formerly represented the client [] in the same matter … [it] undermine[s] public confidence in the legal system as a means for adjudicating disputes.").

Cases of this kind are very infrequent – for a reason, however it is clear on the record thus far, that at minimum Attorney Quinones-Hollins first represented Mr. Price into this very matter. Her subsequent representation of John Lee Price which led to Mr. Price's indictment and current incarceration was as a result of Attorney Quinones-Hollins picking one client over the other. The present indictment against

11

her client, Mr. Price, via a second client, John Lee Price, was indeed – aided by her, is a clear violation that has already been contemplated throughout the time of the court adversarial system. Prejudice on those facts alone is presumed. See Strickland at 692.

Indeed, at this very moment Mr. Price is being held in custody due to information gathered from John Lee Price and Attorney Quinones-Hollins. The Government's entire case relied on the information garnered from one individual who has enjoyed the fruits of Attorney Quinones-Hollins conflicted labor. Incredulously, the two men, Lyndell Price and John Lee Price, were in the very same courtroom for Mr. Price's initial appearance in this case and John Lee Price's arraignment on the superseding indictment, yet Attorney Quinones-Hollins or the Government's attorneys said or did anything despite being well aware of the conflict.

2. *The U.S. Attorney's Office actions likewise prejudiced Lyndell Price*

The Federal Government had a duty in this instance, to inquire whether Attorney Quinones-Hollins could represent John Lee Price in the present matter and failed to inquire to what seems obvious. The Government was and is well aware that Attorney Quinones-Hollins represented Mr. Price at all times relevant to this investigation, even testifying to that fact during Mr. Price's detention hearing.

Strickland already categorizes this type of behavior from the Government as well, as presumed prejudicial. "[A]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice … So are various kinds of state interference with counsel's assistance." Strickland at 692.

It is clear on its face that the prejudice is, and always was, present, and the Government should have intervened and tried to prevent it rather than exploit the Constitutional violations. "Moreover, such circumstances involve impairments of the Sixth Amendment right are easy to identify and, for that reason and because the prosecution is directly responsible, easy for the government to prevent." Cronic, 466 U.S. at 658. "If the state is not a passive spectator of an inept defense, but a cause of the inept defense, the burden of showing prejudice is lifted. It is not the right that the state should be able to say, 'sure we impeded your defense—now prove it made a difference. Walberg v. Israel, 766 F.2d 1071, 1076 (7th Cir. 1985).

The Government is directly responsible for the ineptitude of Attorney Quinones-Hollins in defending Mr. Price, because they created the very mechanism which led to her failures to Mr. Price as an attorney. Prejudice is therefore present. The Government's desire to strike a deal with John Lee Price in exchange for prosecuting Mr. Price created the very mechanism for Mr. Price's Sixth Amendment and rights to a fair trial to be violated. The Government does

13

not and cannot now act oblivious to Mr. Price's rights (no pun intended) being violated and therefore does not enjoy the right to use said conflict information against him.

The case should be dismissed under the first prong of <u>Strickland</u> as prejudice is presumed.

### 3. *Limited Presumption of Prejudice still leads to prejudice*

Under the second prong in <u>Strickland</u>, there remains a type of ineffective-assistance-of-counsel which, however, is not present in this case. As stated <u>supra</u>, prejudice is presumed when counsel is burdened by an actual conflict of interest. It is clearly established that Attorney Quinones-Hollins has an actual conflict of interest in representing John Lee Price against Mr. Price, to which Mr. Price has no obligation to prove.

However, to the extent that there is somehow a limitation on Mr. Price's Sixth Amendment rights due to an attorney conflict of interest, and he has some burden of proof to overcome a limited presumption, <u>Strickland</u> still supports a presumption of prejudice because Mr. Price has demonstrated that Attorney Quinones-Hollins "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." <u>See</u> <u>Strickland</u> at 692, (quoting <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 350 (1980) and citing Fed. R. Crim. P. 44(c) – an actual conflict is shown, for example, where jointly represented

codefendants are tried together and the factual circumstances require counsel to offer evidence which assists one codefendant but adversely affects others." Wayne R. Lafave et al., Criminal Procedure §§ 11.7 – 11.9 (3d ed. 2007 & Supp. 2013).

Here it is clearly shown that, Attorney Quinones-Hollins has aided John Lee Price to the detriment of Mr. Price at minimum by her numerous court filings to the detriment of Mr. Price. Attorney Quinones-Hollins was retained by both defendants and she failed to avoid the apparent conflict of representing two people with clear adverse interests on the same case. Put differently, both Mr. Price and John Lee Price paid Attorney Quinones-Hollins to represent them, as opposed to a missed conflict due to a court appointment. There is no world where anyone can credibly state that Attorney Quinones-Hollins remained loyal to Mr. Price by representing the very person that implicated him in a federal investigation who agreed to cooperate against him at trial.

Mr. Price has shown that Attorney Quinones-Hollins's representation likewise actively represented conflicting interests to which, Mr. Price who is currently in custody, has been federally charged by her direct involvement.

    *4. The third prong of <u>Strickland</u> does not apply, but still mandates relief*

Under <u>Strickland</u>'s third prong, there is no conflict of interest or presumption of prejudice, which would require the defendant to affirmatively prove prejudice. The third prong is not applicable in this case as the conflict of

15

interest is clear and Mr. Price enjoys a presumption of prejudice. However, to the extent it is not conceded that there is a clear conflict of interest, Mr. Price would show that first, Attorney Quinones-Hollins's performance as his attorney fell below an "objective standard of reasonableness, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable opportunity has been defined as a probability sufficient to undermine confidence in the outcome. Id. at 694.

Taking all the actions of Attorney Quinones-Hollins and the Government as stated at minimum lead to a violation of Mr. Price's Sixth Amendment Rights being violated. First, the scope of Attorney Quinones-Hollins representation of Mr. Price is well documented and extensive as his lawyer in a prior federal case that spanned the time frame of the current matter. Second, Attorney Quinones-Hollins took affirmative steps on behalf of Mr. Price by calling the FBI during its pre-indictment investigation into the Bar 5015 fire while remaining his attorney. Third, no efforts to quell the apparent conflict were taken by either the Government or Attorney Quinones-Hollins. Fourth, said information at minimum was useful to implicate Mr. Price to the extent John Lee Price's federal prosecution was transferred to the Southern District of Texas with the advice of counsel leading to charges against Mr. Price. And, sixth, Attorney Quinones-Hollins actually

adversely affected his rights to trial as he currently sits in-custody indicted for an "unsolved" arson case.

All these actions and many more were and continue to be in violation of Mr. Price's Sixth Amendment rights and his rights to trial and the Court should dismiss the indictment with prejudice as a result of the violations.

## CONCLUSION

For the above reasons, Mr. Price respectfully requests that this Court dismiss the indictment with prejudice or in the alternative suppress the statements and any and all evidence derived from John Lee Price as Mr. Lyndell Price's Sixth Amendment Rights and Rights to Fair Trial have been violated and he is presumed to be prejudiced by the violations. Under these circumstances the only fair remedy is dismissal of the indictment with prejudice, the fundamental errors by both Attorney Quinones-Hollins and the U.S. Attorney's Office in this prosecution to safeguard Mr. Price from having his lawyer actively aid a, now co-defendant, in a prosecution against him warrants this remedy.

Respectfully submitted,

/s/ *Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488

Fax: (832) 426-5792
chuck@celawoffice.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on May 9, 2025, a copy of the foregoing Motion to Suppress was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorneys Sebastian Edwards.

/s/ *Chukwudi Egbuonu*
Chukwudi Egbuonu