IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                    Cr. No.:  H-24-565

**LYNDELL PRICE**

### DEFENDANT LYNDELL PRICE'S OPPOSITION TO DISCLOSE DISCOVERABLE MATERIALS PURSUANT TO A PROTECTIVE ORDER

The Defendant, Lyndell Price ("Mr. Price" or "Defendant") through his attorney, respectfully files his opposition to the Government's request and asks this Court to deny the Government's latest motion (Dkt. 68) to allow the Government to meet its discovery obligations pursuant to a protective order.

The Defendant requests that the Court deny the Government's request in part and further shows as follows:

### I.     FACTS AND BACKGROUND

Mr. Price has been in custody on this matter since his initial appearance in Court on April 25, 2025.  A detention hearing was held on May 1, 2025 with Mr. Price remaining in custody.  Mr. Price entered a plea of not guilty and a scheduling order was set by Honorable Sim Lake, United States District Judge.  Likewise at the arraignment, the Government was admonished of its obligations under <u>Brady</u> and Rule 5(f) of the Federal Rules of Criminal Procedure.

The Government has conferred with counsel for Mr. Price in an effort to abide by its discovery obligations by requesting a protective order in this matter. Counsel agreed in part and specifically did not agree to certain sections of the proposed protective order. In particular, Counsel disagrees with and objects to sections B, G, K, L, M, N, O of the proposed Order. At this time the Government has not provided discovery, presumably waiting on the Court's direction.

## II.   ARGUMENT

*This Court should grant the Government's motion in part and deny in part.*

Federal Rule of Criminal Procedure 16(d)(1) "expressly authorizes the court to deny discovery of information sought by a defendant based on a … showing by the government of the need for confidentiality." In order for the Government to establish good cause for a protective order, the Government must make a "particularized showing of potential harm if information disclosed in discovery does not remain confidential." United States v. Lewis, 2016 U.S. Dist. LEXIS 23763, 2 (D. Mass. 2016). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." United States v. Wecht, 484 F.3d 194, 211 (3rd Cir. 2007) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir. 1984)).

The Government has not established a specific need for a protective order at all in this matter, but to the extent it seeks to limit the ability to share information

with the Defendant in this case, the Government made no attempts to show good cause to limit disclosures in that fashion.

The Government's concerns about disclosing discovery to the media, for example, are not in dispute. Filing motions under seal in a case the U.S. Attorney's Office made a public spectacle of the matter, however is. The Government called on the public's involvement in this matter when it sent out a press release on April 25, 2025 by naming Mr. Price and associating him with a once thriving local business.[1]

The Government's request is plainly speculative and generalized and should be denied in part and granted in part. "Good cause requires a particularized showing of potential harm if information disclosed in discovery does not remain confidential." Lewis, 2016 U.S. Dist. LEXIS at 2. "[T]he norm is to deny a request for restricted discovery." United States v. Nelson, 486 F. Supp. 464, 480 (W.D. Mich. 1980) (quoting United States v. Hughes, 413 F.2d 1244 (5th Cir. 1969), vacated on other grounds, 397 U.S. 93, 90 S. Ct. 817, 25 L. Ed. 2d 77 (1970) the norm is to deny a request for restricted discovery). There is no indication, credible or otherwise, that public security has been or will be threatened and no indication that disclosure would unfairly prejudice the Government. Indeed, the Government sought the help of the public in locating one of the codefendants whose name was

---

[1] https://www.justice.gov/usao-sdtx/pr/former-turkey-leg-hut-owner-indicted-arson

redacted in the indictment. The restrictions the Government seeks only serve to prejudice the Defendant.

The Defendant has agreed to relevant portions of the Government's *pro forma* Motion and Order, such concessions should alleviate any real concern the Government may have in this case.

### III.　CONCLUSION

In conclusion Mr. Price respectfully requests this Court deny the government's motion in part specifically denying paragraphs B, G, K, L, M, N, O of the proposed Order and grant in part.

Respectfully submitted,

/s/ *Chukwudi Egbuonu*
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
2202 Ruth Street
Houston, Texas 77004
Phone: (713) 635-9488
Fax:　(832) 426-5792
chuck@celawoffice.com

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that on May 14, 2025, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to Assistant United States Attorneys Sebastian Edwards.